**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
)
**ENVISN, INC.,**                                    )
)
    **Plaintiff and Counterclaim-Defendant,**    )
)
        **v.**                                  )     **Civil Action No.**
)     **11-12246-FDS**
**KATHLEEN BRODERICK DAVIS,**                        )
)
    **Defendant, Counterclaim-Plaintiff,**       )
    **and Third-Party Plaintiff,**               )
)
        **v.**                                  )
)
**CHARLES RYAN,**                                    )
)
    **Third-Party Defendant.**                   )
_____)


**MEMORANDUM AND ORDER ON PLAINTIFF'S AND THIRD-PARTY**
**DEFENDANT'S MOTIONS TO DISMISS COUNTERCLAIMS**

**SAYLOR, J.**

      Plaintiff Envisn, Inc., has brought suit against defendant Kathleen Broderick Davis, a

former employee, alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030,

the Uniform Trade Secrets Act, and Mass. Gen. Laws chs. 93A and 93, § 42.  Envisn also

contends that Davis misappropriated trade secrets and breached a Confidentiality and

Nondisclosure Agreement.  Davis has counterclaimed against Envisn for breach of contract,

violation of Mass. Gen. Laws ch. 149, §§ 148 and 150, and assault and battery, and against third-

party defendant Charles Ryan, the owner of Envisn, for tortious interference with contractual

relations, and assault and battery.

      Envisn has moved to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(1) and (b)(6)

for lack of subject-matter jurisdiction and for failure to state a claim, as well as failure to comply with the pleading requirements under Rule 8.  Third-party defendant Ryan has moved to dismiss under Rules 12(b)(1) and (b)(5) for lack of subject-matter jurisdiction and for insufficient service of process.

For the reasons set forth below, Envisn's motion to dismiss will be granted in part and denied in part.  Ryan's motion to dismiss will be granted.

I.    **Background**

The following factual allegations are drawn from the counterclaim.

Envisn, Inc., is a small computer software company based in Harvard, Massachusetts. Kathleen Broderick Davis joined Envisn in April 2000 as a consultant.  Charles Ryan is the owner and chief operating officer of Envisn.

On November 22, 2011, Ryan called a company meeting to discuss product issues. Ryan, Davis, and Gary Larsen, the Technology Director, attended.  The conversation at the meeting grew heated, and Ryan demanded answers from Larsen.  According to Davis, when she attempted to speak, Ryan pointed to her and told her "be quiet," in an aggressive voice.  When she attempted to speak a second time approximately two minutes later, Ryan grabbed her shoulder with his right hand, yelled "I told you to be quiet," and pushed her.  Davis responded, "That was totally uncalled for, I will not tolerate this behavior."

Davis was upset and left work that day with no intention to return.  On November 28, 2011, she emailed Envisn to tender her resignation.  She stated that she felt her safety at work was at risk and her resignation was therefore effective immediately.

Davis contends that according to Envisn policy, she was entitled to four weeks of

vacation and one personal day per year. Davis never used all her vacation time while she was employed at Envisn. On November 30, 2011, Davis sent Envisn a letter requesting accrued, but unused, vacation pay, which she calculated to be $22,935. On December 15, 2011, Envisn sent Davis a letter stating that it would be depositing $12,225.65 in her account, based on its calculation that she had 56.75 accrued but unused days of vacation, and a pay rate of $215.43 a day. On December 21, 2011, Davis filed a Non-Payment of Wage and Workplace Complaint Form against Envisn for $10,280 with the Massachusetts Attorney General.[1]

On December 16, 2011, Envisn filed a complaint against Davis, alleging that just prior to resigning, she stole software belonging to Envisn and that she improperly contacted Envisn customers. On January 11, 2012, Davis answered the complaint, counterclaimed against Envisn, and filed a third-party complaint against Ryan. Both Envisn and Ryan have moved to dismiss the counterclaims.

## II.    Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

---

[1] The Court notes that the amounts in question do not appear to add up. The complaint with the Attorney General for $10,280.00 and the sum paid by Envisn of $12,225.65 only total $22,505.65, not $22,935.00, the total Davis contends that Envisn owed her.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.    Analysis

### A.       Improper Pleading and Failure to State a Claim

Envisn contends that the counterclaim fails to make a clear, concise statement of the claims in violation of Fed. R. Civ. P. 8, and that it fails to state a claim upon which relief can be granted in violation of Fed. R. Civ. P. 12(b)(6). A complaint that satisfies the requirements of Fed. R. Civ. P. 8(a)(2) is sufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 11 (1st Cir. 2011). Although the counterclaims could certainly have been pleaded more clearly, they allege sufficient facts to state a facially plausible claim and give Envisn fair notice of the nature and basis for the claims. Dismissal for violation of Rule 8 and failure to state a claim is therefore unwarranted.

### B.       Supplemental Jurisdiction

Davis's counterclaims do not clearly state any basis for the court's jurisdiction. However, no affirmative pleading of subject-matter jurisdiction is required as long as the facts alleged are sufficient to establish jurisdiction. *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999).

In a civil action where a district court has original jurisdiction, the court has supplemental jurisdiction over all related claims that form part of the "same case or controversy." 28 U.S.C. §

1367(a). A court has jurisdiction where state and federal claims derive from "a common nucleus of operative fact," and when the claims are such that a party would "ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The case-or-controversy standard is the jurisdictional limit for counterclaims. *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010). Supplemental jurisdiction under § 1367 is broader than the transaction-or-occurrence test. *Id*. at 88.

Envisn contends that none of Davis's counterclaims arise from the same "common nucleus of operative fact." Davis's claim of assault and battery is, however, closely linked to Envisn's claims of misappropriation. Testimony about the sequence of events through which Davis acquired the customer information and software would plainly involve her reasons and motivations. Put another way, it is hard to imagine that the misappropriation claims would be tried without evidence of the circumstances under which Davis abruptly left the company and allegedly took the information. Although her motivations may not be strictly legally relevant to a claim of theft of trade secrets, the facts are interlinked and judicial economy favors hearing the claims and counterclaim together. *See Gibbs*, 383 U.S. at 726. Therefore, this Court has and will exercise supplemental jurisdiction over the counterclaim for assault and battery.[2]

However, Davis's counterclaims for violation of Mass. Gen. Laws ch. 149, §§ 148 and 150 and breach of contract are not as closely related. Davis contends that there is a causal link between the events, and that "[h]ad she not been assaulted by Mr. Ryan, the question of her accrued but unused vacation pay would not have arisen." (Opp. to Envisn's Mot. to Dismiss at

---

[2] Ryan also contends that the Court does not have supplemental jurisdiction over the counterclaims against him for assault and battery and tortious interference with contractual relations. The Court notes that the exercise of supplemental jurisdiction over the counterclaims against Ryan would be proper for the same reasons, though those counterclaims will be dismissed on other grounds.

4).  A broad causal relationship is insufficient to confer supplemental jurisdiction.  *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 998-999 (E.D. Mich. 1996) (rejecting jurisdiction over plaintiff's state law claims because they did not share "operative facts" with the federal claims, while recognizing that "the state and federal claims appear to be causally related; but for the alleged breach of a settlement agreement that forms the basis of Plaintiff's state claims, the alleged federal violation would not have occurred"); *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803, 806-807 (S.D. Ind. 1998) (rejecting jurisdiction over causally related state and federal claims because the success of the state claim did not depend at all on the success of the federal claim).  Some commonality of facts between claims and counterclaims alone does not constitute a common nucleus of operative fact.  *Burgess v. Omar*, 345 F. Supp. 2d 369, 372 (holding that "while facts relevant to one claim might provide background with respect to the other, more is required").  While the alleged assault and battery may have ultimately led to the wage claims, the latter could easily be tried without proof of the former.  Those facts are distinct from the terms of any compensation agreement that may have existed between Davis and Envisn that would be determinative in the wage and breach of contract counterclaims.  The Court, therefore, will not exercise supplemental jurisdiction over the counterclaims against Envisn for violation of Mass. Gen. Laws ch. 149, §§ 148 and 150 and breach of contract, and those claims will be dismissed for lack of subject-matter jurisdiction.[3]

## C.    Envisn's Vicarious Liability

Envisn contends that it cannot be held liable for Ryan's alleged assault and battery.

---

[3] Envisn also contends that the counterclaims for violation of Mass. Gen. Laws ch. 149, §§ 148 and 150 should be dismissed because Davis did not exhaust her administrative remedies.  The Court does not address that issue because those counterclaims will be dismissed for the stated reasons.

However, an employer may be held vicariously liable for the intentional tort of an agent "if the tortious act or acts were committed within the scope of employment." *Worcester Ins. Co. v. Fells Acre Day School*, 408 Mass. 393, 404 (1990). Conduct of an agent is within the scope of employment if "it is the kind he is employed to perform, if it occurs substantially within the authorized time and space limits, and if it is motivated, at least in part, by a purpose to serve the employer." *Wang Labs., Inc. v. Bus. Incentives Inc.*, 398 Mass. 854, 859 (1986) (internal citations omitted). In order to hold an employer liable for assault by an employee, a plaintiff must show that the assault was "in response to the plaintiff's conduct which was presently interfering with the employee's ability to successfully perform his duties." *Miller v. Federated Dep't Stores, Inc.*, 364 Mass. 340, 350 (1973). Assaults are committed within the scope of employment if they "stem from and directly relate to the frustration of the ability to perform on the assignments for which the employee is presently responsible." *Dwyer v. Hearst Corp.*, 3 Mass. App. Ct. 76, 79-80 (1975).

Envisn contends that the alleged assault and battery was not within the scope of employment and was not motivated by a desire to serve Envisn, but was merely "a spontaneous act of frustration." (Pl. Br. at 9). The meeting occurred at Envisn's office during normal working hours and Ryan's management of the meeting was likely his duty as an employee. Arguably, Davis's attempts to speak interfered with his management of the meeting. The alleged assault and battery would therefore be within the scope of his employment, even if it was only an act of frustration. Envisn's motion to dismiss the counterclaim of assault and battery against it will therefore be denied.

### D. <u>Insufficient Service of Process</u>

Ryan contends that the counterclaim against him should be dismissed for insufficient service of process, because he was not a party to the original suit and was not properly joined when he was served. The issue here is confused by defense counsel's apparent inattention to the precise nature of the claim. Davis's January 11, 2011 filing is identified in the docket as an answer, a counterclaim against Envisn, and a third-party complaint against Ryan. A third-party summons was then served on Ryan. However, the contents of the filings of both Davis and Ryan themselves refer to Ryan as a counterclaim-defendant, not a third-party defendant.

A defendant can serve a summons and file a complaint against a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). Rules 19 and 20 govern the addition of persons as parties to a counterclaim. Fed. R. Civ. P. 13(h). A person may be joined as a defendant in an action if a claim asserted against him arises out of the same transaction or occurrence and there is a common question of law or fact as to all defendants. Fed. R. Civ. P. 20(a).

Ryan is not derivatively or secondarily liable for the claims against Davis by Envisn. Ryan's joinder to the case as a third-party defendant was improper and the third-party complaint will therefore be dismissed. However, as the counterclaims against Ryan arise from the same facts and circumstances as the counterclaims against Envisn, Ryan would be a proper counterclaim defendant under Fed. R. Civ. P. 20(a). *See Broadcast Music, Inc. v. Hearst/ABC Viacom Entm't Serv*s.*, 746 F. Supp. 320, 330 (S.D.N.Y. 1990) (dismissing an improper third-party claim and directing the filing of an amended counterclaim). Davis is directed to file an amended counterclaim within 20 days if it wishes to proceed against Ryan.

**III.   Conclusion**

For the foregoing reasons, Envisn's motion to dismiss is GRANTED as to the counterclaim for violation of Mass. Gen. Laws ch. 149, §§ 148 and 150, and for breach of contract, and DENIED in all other respects.  Ryan's motion to dismiss is GRANTED.  Davis shall have 20 days from the date of this decision to file an amended counterclaim against Ryan.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 11, 2012