UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
ENVISN, INC.,                                        )
                                                          )
          Plaintiff,                                   )
                                                          )          **CIVIL ACTION**
          v.                                             )          **NO. 11-12246-TSH**
                                                          )
KATHLEEN BRODERICK DAVIS and  )
CLIFFORD A. DAVIS,                       )
                                                          )
          Defendants.                               )
                                                          )
KATHLEEN BRODERICK  DAVIS,   )
                                                          )
          Counterclaim Plaintiff,            )
                                                          )
          v.                                             )
                                                          )
ENVISN, INC. and CHARLES RYAN,  )
                                                          )
          Counterclaim Defendants.     )
_____)

**MEMORANDUM OF DECISION ON COUNTERCLAIM DEFENDANT CHARLES
RYAN'S MOTION FOR SUMMARY JUDGMENT  (Docket No. 85)**
**December 9, 2013**

HILLMAN, D.J.

Counterclaim Plaintiff Kathleen Broderick Davis ("Davis") brought counterclaims for assault and battery (Count I) and tortuous interference with contractual relations (Count II) against Envisn, Inc. ("Envisn") and Charles Ryan ("Ryan"), the owner and chief operating officer of Envisn. Davis, formerly an employee at Envisn, alleges that Ryan grabbed her and pushed her at a meeting, and that his actions caused to her to resign from Envisn. Ryan now moves for summary judgment on Count II of Davis' counterclaim.

Facts

It is undisputed that Davis worked for Envisn from 2000 until her resignation on November 28, 2011. From 2005 until her resignation, Davis was Envisn's support director, meaning she was tasked with meeting the technical support needs of customers using Envisn software.

Davis' affidavit states that Ryan grabber Davis' shoulder, yelled at her, and pushed her at a meeting where another colleague was present. After this happened, Davis stated she knew that due to Ryan's actions she would never return to Envisn. There is no evidence conclusively refuting either of these statements. Davis also stated in her deposition that she considered Ryan's previous actions, such as yelling at her, grabbing a mouse out of her hand, and demeaning her in front of clients, supportive of her tortuous interference claim. Ryan does not deny that these actions occurred.

Discussion

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and thus "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir.1994). The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1968).  It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the non-moving party's case.'" *Rakes v. U.S.,* 352 F. Supp. 2d 47, 52 (D. Mass. 2005) (quoting *Celotex*, 477 U.S. at 4).

The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir.1994) (discussing *Celotex,* 477 U.S. at 325). When ruling on a motion for summary judgment, the court must construe the facts in the light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003).

Ryan seeks summary only on Davis' claim for tortuous interference with a contractual relationship. To succeed on this claim, Davis would have to prove the following elements: "(1) a business relationship or contemplated contract of economic benefit; (2) the defendant's knowledge of such relationship; (3) the defendant's intentional and malicious interference with it; (4) the plaintiff's loss of advantage directly resulting from the defendant's conduct." *Welch v. Ciampa*, 542 F.3d 927, 943-44 (1st Cir. 2008) (quoting *Comey v. Hill*, 387 Mass. 11 (1982)). The first two elements are clearly met. For the third element, if the alleged interference is by a supervisor in an employment context "the plaintiff must prove that the supervisor interfered with the employee's advantageous employment relationship 'malevolently, i.e., for a spiteful, malignant purpose, unrelated to the legitimate corporate interest.'" *Ruffino v. State St. Bank & Trust Co.*, 908 F. Supp. 1019, 1050 (D. Mass. 1995) (quoting *Wright v. Shriners Hospital*, 412 Mass. 469, 476 (1992)). Courts have "repeatedly recognized" that "this is a question that is consummately fact bound." *Id*. at 1051. Davis has certainly put forth enough facts that a jury could find Ryan's actions were done malevolently. Ryan argues Davis cannot prove the fourth element because it is undisputed that Ensign did not terminate Davis' employment, but that Davis resigned. Davis' affidavit also shows that while she resigned, her resignation was compelled by Ryan's actions. There thus exists an issue of fact as to whether Davis' loss of advantage resulted

from Ryan's conduct. In sum, the record contains sufficient facts to allow a reasonable jury to find in favor of Davis, and therefore summary judgment on this claim is inappropriate.

## **Conclusion**

For the reasons set forth above, Ryan's Motion for Summary Judgment (Docket No. 85) is **denied**.


SO ORDERED.

>                             */s/ Timothy S. Hillman*
>                             **TIMOTHY S. HILLMAN**
>                             **UNITED STATES DISTRICT JUDGE**