## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| ENVISN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **NO. 11-12246-TSH** |
| | ) | |
| KATHLEEN BRODERICK DAVIS and | ) | |
| CLIFFORD A. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KATHLEEN BRODERICK  DAVIS, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENVISN, INC. and CHARLES RYAN, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 81) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 83)
### December 12, 2013

HILLMAN, D.J.

Plaintiff Envisn, Inc. ("Envisn") brought claims against former employee Kathleen Davis

("Mrs. Davis") for a violation of 18 U.S.C. s. 1030 (Count I), a violation of the Uniform Trade

Secrets Act (Count II), misappropriation of trade secrets (Count III), breach of contract (Count

IV), unfair and deceptive business practices (Count V), a violation of M.G.L. c. 93A s. 42 (Count

VI), injunction relief (Count VII), a violation of 18 U.S.C. s. 1961 et. seq., the RICO act (Count

VIII), a violation of M.G.L. c. 109A (Count X), and common law fraud (Count XII). Envisn also brought claims against Clifford A. Davis ("Mr. Davis") for a violation of 18 U.S.C. s. 1961 et. seq. (Count IX), a violation of M.G.L. c. 109A (Count XI), and common law fraud (Count XIII). Mr. and Mrs. Davis have moved for summary judgment on all counts except Count VII in Defendants' Motion for Summary Judgment (Docket No. 81). Envisn has also moved for summary judgment, on all counts, in Plaintiff's Motion for Summary Judgment (Docket No. 83). For the reasons set forth below, Defendants' motion is granted on Counts II, VIII, IX, XI, XII, and XIII and denied on the remaining counts, while Plaintiff's motion is denied except as to Count VII.

<u>Facts</u>

The following facts are undisputed except where noted otherwise.

Envisn is a small software company located in Harvard, Massachusetts that designs and markets software products used by enterprises to enhance their use of Cognos, business intelligence software. Mrs. Davis began working for Envisn in April 2000. From 2005 through November 28, 2011 Mrs. Davis was Envisn's support director and was tasked with meeting the technical support needs of customers using Envisn software. This position required Mrs. Davis to be thoroughly familiar with the Envisn software products and to frequently log in to sharefile.com and salesforce.com, websites that secure Envisn's confidential and proprietary information. Envisn used sharefile.com to pass software to clients and used salesforce.com to manage customer information. Mrs. Davis worked almost exclusively at her desktop computer on Envisn premises or on a laptop provided by Envisn, but occasionally worked from her own PC at home.

On November 21, 2006 Mrs. Davis executed a Confidentiality and Noncompetition Agreement (the "NDA") as a condition of her continuing employment at Envisn.  The NDA

provided, in part, that Mrs. Davis could not disclose Envisn trade secrets or use Envisn trade secrets for any purpose other than for the performance of services for Envisn. The NDA also stated that Mrs. Davis must return all trade secrets in her possession upon request, or upon the end of her employment with Envisn. The NDA specified that Mrs. Davis could not contact any Envisn customers for six months after the end of her employment with Envisn except to ask for a personal reference.[1]

Mrs. Davis has alleged that on November 22, 2011, Charles Ryan, the President and CEO of Envisn, grabbed her shoulder and pushed her during a meeting where a colleague was present.[2] As a result, Mrs. Davis says she knew she could no longer work at Envisn. On November 28, 2011 around 6:00 am Mrs. Davis logged onto sharefile.com from her home PC and downloaded the Envisn software kits Autovisn, AutoVisn_ADU, NetVisn and SmartStart. At the same time Mrs. Davis made a second download of Envisn software to her home PC. Mrs.

---

[1] The exact language from relevant portions of the NDA is as follows:

"Trade Secrets" shall mean all documentation, software, know-how and information relating to past, present or future business of Envisn, or any plans therefor, or relating to the past, present or future business of a third party or plans therfor that are disclosed to Envisn, which Ensivn either does not disclose to third parties without restrictions on use or further disclosure, or which Envisn protects against disclosure to third parties.

During the term of her employment with Envisn and thereafter, Davis shall treat Trade Secrets on a confidential basis and shall not disclose them to others without the prior written permission of Envisn, or use Trade Secrets for any purpose, other than for the performance of services for Envisn.

The Trade Secrets are the sole and exclusive property of Envisn, and Davis shall surrender possession of all Trade Secrets upon request or upon any suspension, termination, or resignation of Davis' employment with Envisn. If, after the suspension, termination or resignation of Davis' employment, Davis becomes aware of any Trade Secrets in her possession, Davis shall immediately surrender possession to Envisn.

During the term of Davis' employment with Envisn and for a period of six (6) months after any suspension, termination for cause or resignation of Davis' employment with Envisn or the mutual termination of this Agreement, Davis shall not:

    a.   Directly or indirectly own or purchase an interest in any entity competing directly or indirectly with Envisn.

    b.   Herself compete directly or indirectly with any products or services marketed or offered by Envisn; and

    c.   Engage in any activities that could be deemed to be a conflict of interest.

During the period of six (6) months after any suspension, termination for cause or resignation of Davis' employment with Envisn or the mutual termination of this Agreement, Davis shall not contact, directly or indirectly, any customer of Envisn with whom Davis had contact with during the last one (1) year of Davis' employment hereunder except to make a request for a personal reference.

[2] Mrs. Davis has filed a counterclaim in this action for assault and battery and tortuous interference with an advantageous business relationship against Envisn and Mr. Ryan based on this allegation.

Davis also logged onto salesforce.com and downloaded Envisn customer contacts to her home PC. She contends that she was authorized to perform all of these actions, a fact Envisn disputes. At some point, Mrs. Davis copied the downloaded software onto a CD-ROM and copied the customer list onto a thumb drive. Mrs. Davis has knowledge of the process of decompiling software. Through decompiling, one can break software down to its source code and then use the code to create similar software.  Mrs. Davis had been composing a resignation letter in her head since 5:00 am that morning, and around 8:15 am she emailed her resignation to Envisn. Mrs. Davis knew that her activity on the share site had the ability to be tracked by Envisn.

On December 6, 2011 Mrs. Davis' attorney informed her that Envisn had requested the return of the downloaded software. Around this time she told her husband, Mr. Davis, that she had downloaded the software. Mrs. Davis claims that she immediately returned all software to her attorney, deleted it from her PC, and offered to do anything else necessary. She claims that all the software she downloaded was returned to Envisn's attorney on or around December 19, 2011. Mrs. Davis asserts that she did not disclose or transfer the software to any third party. Envisn alleges that there is still a thumb drive containing client contact information and possibly software that has not been accounted for. As a result, Envisn says it must continuously monitor the internet and business community for signs of theft. Envisn has proffered no evidence that Mrs. Davis did anything with the items she downloaded other than writing them to the aforementioned CD-ROM and thumb drive.

On December 22, 2011 Mrs. Davis received a copy of the complaint filed in this case. On January 9, 2012 she filed a Declaration of Homestead for her primary residence, claiming that she did so to protect her home from creditors since she had no income. On January 25, 2012 she transferred $50,000 from her account at Digital Federal Credit Union to her husband. Mrs. Davis

4

says that she and her husband had been discussing a rehab property, and that the fund transfer

was to purchase this property. On February 7, 2012 Mr. Davis purchased that property in his

name for $45,000. Mr. Davis rehabbed the property and listed it for sale on July 19, 2012 for

$155, 900. On January 27, 2012 Mrs. Davis removed her name from property located at 310

Whalom Road, Lunenburg, MA where her oldest daughter lives. Mrs. Davis claims she did so to

ensure her credit rating would not be negatively affected if her daughter was late in paying bills

associated with the house.

<u>Discussion</u>

*Standard of Review*

Summary judgment is appropriate when "there is no genuine issue as to any material

fact" and thus "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the

point in favor of the non-moving party, and a fact is "material" when it might affect the outcome

of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir.1994).

The moving party is responsible for "identifying those portions [of the record] which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1968).  It can meet its burden either by "offering evidence to disprove an element of

the plaintiff's case or by demonstrating an 'absence of evidence to support the non-moving party's

case.'" *Rakes v. U.S.,* 352 F. Supp. 2d 47, 52 (D. Mass. 2005) (quoting *Celotex*, 477 U.S. at 4).

The non-moving party bears the burden of placing at least one material fact into dispute after the

moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.*, 18

F.3d 13, 15 (1st Cir.1994) (discussing *Celotex,* 477 U.S. at 325).  When ruling on a motion for

summary judgment, the court must construe the facts in the light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003).

*Violation of 18 U.S.C. s. 1030*

Count I of Envisn's complaint alleges Mrs. Davis violated 18 U.S.C. s. 1030, the Computer Fraud and Abuse Act ("CFAA") when she downloaded Envisn's software onto her home PC.  Under the CFAA, it is unlawful when one "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value."  18 U.S.C. s. 1030(a)(4).  "'[E]xceeds authorized access' means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  18 U.S.C. s. 1030(e)(6).  Mrs. Davis argues she did not intend to defraud Envisn and has done nothing with the items she downloaded that suggests otherwise. Specifically, in her affidavit Mrs. Davis says she only wanted it as a reminder of what she did with the last six years of her life. Also, since she knew her activity would be tracked by Envisn, she claims that shows she was not acting nefariously or seeking to defraud Envisn. Envisn argues that her intent can be inferred by the fact that she downloaded Envisn software knowing she was going to resign within hours of her download. Since under the statute, "intent to defraud" is an essential element that the Plaintiff must prove, and since Mrs. Davis' intent is a contested factual issue, summary judgment on Count I is inappropriate.

*Violation of the Federal Uniform Trade Secrets Act*

Massachusetts has not yet adopted the Federal Uniform Trade Secrets Act[3], so Envisn has no cause of action for a violation of this act in Massachusetts. As such, summary judgment is

---

[3] A bill to adopt to Uniform Trade Secrets Act, Bill H.27 is currently pending before the Joint Committee on the Judiciary. https://malegislature.gov/Bills/188/House/H27,accessed 12/10/2013.

granted in favor of Mrs. Davis on Count II.

*Misappropriation of Trade Secrets and Violation of M.G.L. c. 93 s. 42*

Massachusetts does recognize a cause of action for misappropriation of trade secrets, both under the common law and by statute in M.G.L. c. 93 s. 42, 42A. *Sutra, Inc. v. Iceland Exp.*, ehf, 2008 WL 2705580, *3 (D. Mass. 2008) ("Except for the provision of double damages and injunctive relief, the statutes [M.G.L. c. 93 s. 42, 42A] essentially represent a codification of the common law of trade secrets. Hence, the liability analysis of the statutory and common law claims will be the same here."). To succeed under either of these, a plaintiff must show (1) the existence of a trade secret; (2) that the plaintiff took reasonable steps to protect the secret; and (3) that the defendant acquired and used, by improper means or through breach of a confidential relationship, the trade secret. *Id.*; *Blake v. Prof'l Coin Grading Serv*., 898 F. Supp. 2d 365, 393 (D. Mass. 2012).

It is not contested that the first two elements are present in this case; Envisn software constitutes a trade secret that Envisn took reasonable steps to protect. Mrs. Davis contends that she did not acquire the software through improper means, as she was authorized to access the software on her home computer and was still an employee when she did so. Moreover, Mrs. Davis says she never used, nor intended to use the software, but merely downloaded it and wrote it onto a CD-ROM, which she returned. Envisn counters that Mrs. Davis was not authorized to download this software, because she knew she would be resigning soon. The issues regarding whether Mrs. Davis used the trade secrets or acquired them by improper means are both contested issues of fact which preclude summary judgment on Counts III and VI.

*Breach of Contract*

Envisn alleges that Mrs. Davis breached the NDA by copying Envisn's software, refusing

to return the trade secrets she downloaded, and accessing customer information. Under the NDA, Mrs. Davis was prohibited from disclosing trade secrets or using trade secrets for any purpose other than performance of services for Envisn. The NDA also mandated that Mrs. Davis would return all trade secrets in her possession after her employment ended and would not contact any Envisn customers for six months, except to ask for a person reference.  Mrs. Davis contends that she did not breach the NDA, as she did not use the software she downloaded for any purpose, returned any Envisn software or information she had, and has not contacted any customers. Envisn argues that Mrs. Davis did breach the NDA because her actions show she intended to misappropriate the trade secrets, she has not returned all of the trade secrets she has in her possession, and by accessing customer information one can infer she intended to contact customers. The summary judgment record does not contain evidence that is conclusive on any of these points. Each represents a triable issue of fact, so summary judgment on Count IV is precluded.

### *Unfair and Deceptive Business Practices*

Envisn claims that the same actions it alleges breached the NDA constitute unfair and deceptive business practices that are actionable under M.G.L. c. 93A. Mrs. Davis argues that she cannot be liable under 93A because it does not apply to the employer-employee relationship when the employee is not engaged in trade or commerce. However, when a former employee breaches a confidentiality agreement by the misappropriation of trade secrets, the employees conduct may support a 93A claim.  *See Specialized Tech. Res., Inc. v. JPS Elastomerics Corp.*, 80 Mass. App. Ct. 841, 846-47 (2011); *Aware, Inc. v. Centillium Commc'ns, Inc.*, 604 F. Supp. 2d 306, 312 (D. Mass. 2009) ("a claim for misappropriation of trade secrets, in violation of a non-disclosure agreement and in an attempt to do business with a third party, can support a claim

under Chapter 93A"). Whether Mrs. Davis' conduct is actually actionable under 93A requires a factual determination. Just as the breach of contract and misappropriation of trade secrets claims contain issues of material fact, so too does the 93A action that rests on them. Therefore neither side can be granted summary judgment on Count V.

*Injunctive Relief*

Mrs. Davis does object to the injunction relief requested in Count VII. Summary Judgment is therefore granted in favor of Envisn on Count VII, and the Court orders that the preliminary injunction granted in this case on January 4, 2012 (Docket No. 16) become permanent.

*Violations of the RICO Act*

Envisn alleges that Mrs. and Mr. Davis devised a scheme to conceal, dissipate, and unencumber assets that Envisn would seek to collect if it was awarded a judgment against her, and that this conduct violated the RICO Act, 18 U.S.C. s. 1961 et. seq.  An action under the RICO Act requires " (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *DeMauro v. DeMauro*, 215 F.3d 1311 (1st Cir. 2000).  Racketeering activity is any act indictable under several state and federal criminal statutes listed in 18 U.S.C. s. 1961(1).  This list includes wire fraud, 18 U.S.C. s. 1343.  *See* 18 U.S.C. s. 1961(1).  To establish a pattern of racketeering activity, a plaintiff must establish "that the predicate acts are related and that they amount to or pose the threat of continued criminal activity."  *DeMauro*, 215 F.3d 1311.  The Supreme Court has held that "continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress

was concerned in RICO with long-term criminal conduct." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241, 109 S.Ct. 2893(1989).

Envisn claims that Mrs. and Mr. Davis' engaged in a pattern of racketeering evidenced by Mrs. Davis transferring $50,000 to Mr. Davis on January 25, 2012 to purchase property and Mrs. Davis taking her name off of the deed to 657 Westminster Hill Road on January 27. Even if these acts both constitute racketeering activity, which this Court doubts, the evidence does not establish a pattern that amounts to or poses the threat of continued criminal activity. The acts took place over the span of less than a week, and the evidence does not show any predicate acts before or after nor any threat of continued criminal activity.  Accordingly, summary judgment is granted in favor of Mrs. Davis on Count VIII and in favor of Mr. Davis on Count IX.

### Violations of the Uniform Fraudulent Transfers Act

Envisn claims both Defendants violated the Uniform Fraudulent Transfers Act, M.G.L. c. 109A when Mrs. Davis transferred $50,000 to Mr. Davis for the purchase of a property in Mr. Davis' name, and when Mrs. Davis took her name off the deed to 657 Westminster Hill Road. Under Section 6(a) "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose *before* the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." (emphasis added).  Mrs. Davis claims she was not insolvent nor did she become so as a result of the transfer. There is not enough evidence on the record to determine whether or not Ms. Davis became insolvent as a result of the transfer, so there can be no summary judgment on Count X.

What is clear is that only Mrs. Davis was named on Envisn's original complaint and the claim against Mr. Davis did not arise until *after* the transfers were made. Therefore Mr. Davis cannot be liable under this statute and summary judgment is granted in his favor on Count XI.

*Common Law Fraud*

Finally, Envisn claims that Defendants engaged in common law fraud when they schemed and acted to conceal, dissipate, and unencumber assets that Envisn would seek to collect in the event of a judgment against Mrs. Davis.  In Massachusetts, the elements of common law fraud are "1) a false representation of a material fact, 2) with knowledge of its falsity, 3) for the purpose of inducing plaintiffs to act thereon, and 4) that plaintiffs relied upon the representation as true and acted upon it to their detriment."  *Robinson v. Bodoff*, 355 F. Supp. 2d 578, 584 (D. Mass. 2005).  Envisn has neither alleged, nor provided any evidence of any false representation of material fact or reliance on that fact to its detriment. Accordingly, there are no issues of fact regarding the common law fraud claims, and summary judgment is granted in favor of Mrs. Davis on Count XII and Mr. Davis on Count XIII.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment (Docket No. 81) is ***granted*** in favor of Mrs. Davis on Counts II, VIII, and XII and is ***granted*** in favor of Mr. Davis on all claims against him, Counts IX, XI, and XIII. Defendants' Motion for Summary Judgment is ***denied*** on the remaining counts against Mrs. Davis.

Plaintiff's Motion for Summary Judgment (Docket No. 83) is ***granted*** on Count VII, and the preliminary injunction granted by this Court on January 4, 2012 is made permanent. Plaintiff's Motion for Summary Judgment is ***denied*** on the remaining counts. In sum, Counts I, III, IV, V, VI, and X of Envisn's complaint against Mrs. Davis remain in this case.

SO ORDERED.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE